In the Matter of TELESFARO S. CANNIOTO, Petitioner, against THE PEOPLE OF THE STATE OF NEW YORK, Respondent.

County Court, Monroe County, June 2, 1949.

242

*Anthony Miceli, District Attorney* (*John C. Little, Jr.,* of counsel), for respondent.

*William L. Clay* for petitioner.

O'MARA, J. The petitioner, Telesfaro S. Cannioto, is presently confined in the Attica State Prison serving a sentence as a second felony offender pursuant to a judgment of conviction entered during the month of October, 1936, in the County Court of Broome County. It is the claim of the petitioner that the prior felony conviction which was used to make him a second felony offender at the time of his conviction in Broome County was based upon a conviction had in Monroe County during the year 1933 and that the said prior felony conviction was at a time when he was a minor and that he was denied the right to counsel in violation of his rights guaranteed by the State and Federal Constitutions. It is the petitioner's contention that, having been denied the right to counsel at the time of his 1933 Monroe County conviction, this court should vacate and set aside the 1936 conviction obtained in the County Court of Broome County.

There is no power vested in this court to vacate and set aside a judgment of conviction obtained in another county but in view of the petitioner's claim as to the legality of the 1933 conviction in Monroe County, this proceeding will be considered in the nature of a writ of *coram nobis* to vacate and set aside the 1933 conviction in Monroe County, having in mind petitioner's contention that at the time he was so convicted he was not provided with counsel, resulting in a denial of his statutory and constitutional rights.

It is conceded that the petitioner was not represented by counsel at the time of his conviction in 1933 in Monroe County and that being so, the only question to be determined is as to

whether he knowingly and deliberately waived his right to counsel.

It appears from the records of this court that the petitioner upon arraignment on the 9th day of December, 1933, entered a plea of guilty to the crimes of forgery in the second degree and petit larceny upon an indictment returned by a grand jury of Monroe County on December 8, 1933. It is the claim of the petitioner that at that time the Monroe County Court failed to provide him with counsel. Nowhere in the moving papers submitted by the petitioner does he contend that he was not asked as to whether he desired the aid of counsel as directed by the provisions of section 308 of the Code of Criminal Procedure. No defendant is legally entitled in the first instance to be furnished counsel by the court. He is only entitled to be asked if he desires the aid of counsel in the event he appears without counsel and if he answers that inquiry in the negative, he thereby waives his right to the aid of counsel. The Constitution of this State gives to a person charged with crime the right to appear and defend himself in person.

The record of the petitioner's conviction in this court in 1933 further discloses that the petitioner, upon his arraignment, waived the aid of counsel and it appears in the following form: " The defendant having been brought into court for arraignment on the 9th day of December 1933 was asked if he desired the aid of counsel to which he answered ' waive ' ". The said quotation is a part of the printed form of the record of the petitioner's conviction with the exception of the date and the word " waive ". It is true that the record would be much more complete and accurate if the word " no " had been used instead of the word " waive ", but in any event, the conclusion is irresistible that the petitioner was asked at the time of his arraignment as to whether he desired the aid of counsel.

The records of this court further disclose, in connection with the said conviction, that the petitioner was examined prior to sentence, pursuant to the provisions of section 485-a of the Code of Criminal Procedure, and that in the printed form used for the purpose of recording the information required by the said section of the code and in the space provided for the insertion of the name of the petitioner's attorney, the word " waive " was inserted. It might be well to note at this time that according to the practice then and now obtaining in this court, the facts in the said information form are inserted by the clerk of the court immediately after a guilty plea is entered.

It also appears from the official records of this court and as disclosed by the form made out by the clerk of the court in compliance with section 485-a of the Code of Criminal Procedure that the petitioner had received a common school education and that at the time of his conviction he was seventeen years of age and would have reached his eighteenth birthday the 21st of April following.

In view of the facts as they appear from the official records of this court, it becomes unnecessary to even invoke the well-known rule of '' presumption of regularity ''.

In view of the undisputed official court records in connection with the relief sought in this proceeding, it is the opinion of this court that the petitioner at the time he entered his plea of guilty on the 9th day of December, 1933, knowingly, deliberately and competently waived his right to the aid of counsel and, therefore, his petition to vacate and set aside the 1933 conviction in the County Court of Monroe County should be and hereby is denied.

Submit order.